UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GATHERWRIGHT FREEMAN
& ASSOCIATEDS, P.S.C., et al.,

          Plaintiffs,                                    Case No. 1:13-cv-597

     vs.
                                                         Dlott, C.J.
                                                         Bowman, M.J.

MANJINDER SINGH,

          Defendant

**REPORT AND RECOMMENDATION**

This civil action is before the Court on Plaintiff's motion to remand (Doc. 18) and

the parties' responsive memoranda (Docs. 20, 21, 22).  Plaintiff requests that this case

be remanded back to the state court for lack of subject matter jurisdiction because the

complaint fails to present a basis for federal jurisdiction.   For the reasons explained

below, the undersigned finds that Plaintiff's motion to remand is well-taken.

**I.      Factual Allegations**

On August 6, 2012, Plaintiff's predecessor-in-interest, Gatherwright Freeman &

Associates P.S.C. ("Gatherwright"), filed suit against Defendant Manjinder Singh in the

Butler County Area III Court in Butler County, Ohio.   Gatherwrights claims against

Defendant Singh involved a simple collections matter for unpaid legal services provided

to Defendant.   The claims were later assigned to the existing Plaintiff, The Moore Law

Firm LLC. The unpaid legal services were in the amount of $11,137.50, plus attorneys'

fees, legal costs, and interest, pursuant to the Engagement Letter.   Defendant resides in

1

Butler County, Ohio.  Subsequently, on August 26, 2013, Defendant filed a notice of removal claiming: (1) Defendant's purported counterclaims give rise to federal question jurisdiction pursuant to the Fair Debt Collection Practices Act (FDCPA); and (2) diversity of citizenships exists.

## II.    Standard of Review

On a motion for remand, the question is whether the district court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c). Defendant bears the burden of establishing that removal was proper.  *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir.2000). Removal raises significant federalism concerns and, for this reason, federal courts must strictly construe such jurisdiction.  *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).  Accordingly, a federal court must resolve any doubt of its removal jurisdiction in favor of state court jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).  In other words, the issue is whether the case was properly removed in the first instance.  *Provident Bank v. Beck*, 952 F.Supp. 539, 540 (S.D.Ohio 1996).

A civil action is removable if the action could have been brought initially in federal court.  28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants ..."); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  A defendant desiring to remove a case bears the burden of establishing that original subject matter jurisdiction lies in the federal courts, and all doubts regarding the appropriateness of removal are to be resolved in favor of remand. *Syngenta Crop*

*Protection, Inc. v. Henson*, 537 U.S. 28, 32–33 (2002); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir.1999).

## III.    Analysis

Plaintiff initiated this breach of contract action to recover unpaid legal fees from Defendant, his former client, based upon the parties' contract for legal services.  Such a breach of contract action arises out of Ohio law and does not state a federal claim for relief.

Furthermore, to the extent that Defendant's purported counterclaims are brought under the Fair Debt Collection Practices Act, such allegations fail to state a claim for relief under the statute.   Notably, The FDCPA prohibits any "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.   The statute further provides illustrative examples of harassing, oppressive, or abusive conduct:

> (1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person;
>
> (2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader;
>
> (3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) of this title;
>
> (4) The advertisement for sale of any debt to coerce payment of the debt;
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number; and
>
> (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

3

15 U.S.C. § 1692d(1)-(6), *see also Walker v. Michael W. Colton Trust,* 33 F.Supp.2d 585, 593-594 (E.D.Mich.1999).

Defendant's purported counterclaims and/or or notice of removal simply restate the language of the FDCPA and do not allege any facts establishing any violation of the statute by Plaintiff. *See In re Sofamor Danek Group, Inc.,* 123 F.3d 394, 400 (6th Cir.1997) (finding that a court need not accept legal conclusions or unwarranted factual inferences as true).

Furthermore, to the extent that Defendant's removal of this action was based upon diversity of citizenship, jurisdiction on this basis is improper because a local defendant cannot ordinarily remove an action based only on diversity of citizenship. Notably, even if there is complete diversity among the parties, the presence of a properly joined and served resident defendant bars removal. *Chase Manhattan Mortgage Corp.*, 507 F.3d at 914; *Federal National Mortgage Association v. LeCrone*, 868 F.2d 190, 194 (6th Cir.1989). Because Defendant is a resident of Ohio, removal is barred under section 1441(b). See *Vogel v. Felts*, 1:08-CV-877, 2009 WL 113265 (S.D. Ohio Jan. 15, 2009).

Additionally, Defendant engaged in substantial litigation of the state court action. Such action may operate as a waiver of the right of removal. In this regard, a defendant who has a right to remove an action to federal court may waive that right by actions indicating that he has submitted to the jurisdiction of the state court. *Bolivar Sand Co., Inc. v. Allied Equipment, Inc.*, 631 F.Supp. 171 (W.D.Tenn.1989). Such a waiver however, must be clear and unequivocal. *Regis Associates v. Rank Hotels Ltd.*, 894 F.2d 193, 195 (6th Cir.1990). A defendant may indicate that he is submitting to the

4

jurisdiction of the state court by making affirmative use of the processes of the state court.  *Rose v. Giamatti,* 721 F.Supp. 906, 922 (S.D.Ohio 1989). "The basis for this rule of law is that it is unfair to permit a party to experiment with his case in state court, and, upon adverse decision, remove the case for another try in federal court."  Id. (citing *Bolivar Sand Co., Inc. v. Allied Equipment Inc.,* 631 F.Supp. 171 (W.D.Tenn.1986)).

Here, both Plaintiff and Defendant have engaged in inordinately extensive discovery and motion pleadings.  (*See* Doc. 17, State Court Docket Entry).  Thus, Defendant has been actively involved in defending this case in the state court proceeding.  Such actions indicate intent on the part of Defendant to submit to the jurisdiction of the state court, and thereby waive his right to remove the case to this Court.

### IV.    Conclusion

Accordingly, for the foregoing reasons: (1) Plaintiff's motion to remand (Doc. 18) should be **GRANTED**; (2) the remaining pending motions (Docs. 3, 7, 8, 9, 10, 11, 14, 15, 16) be **TERMINATED as MOOT**; and (4) the case be **REMANDED** to the state court from which it was removed; and (3) this matter be **CLOSED**.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GATHERWRIGHT FREEMAN
& ASSOCIATEDS, P.S.C., et al.,

             Plaintiffs,                         Case No. 1:13-cv-597

     vs.

                                          Dlott, C.J.

MANJINDER SINGH,                   Bowman, M.J.

             Defendant

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).